## HENRY *v.* THE STATE.

1. Applications for continuances are in all cases addressed to the sound legal discretion of the court, and a judgment refusing to continue a case will not be reversed unless it is made to appear that this discretion has been abused; and that has not been made to appear in the present case. *Nick* v. *State*, 128 *Ga.* 573 (58 S. E. 48).

2. The ground of the motion for new trial complaining of the admission of evidence as to a dying declaration of the person alleged to have been murdered by the defendant is without merit, as it is only made to appear that the declarant said, " He got me," and that this statement was expressly ruled out by the court and the jury was instructed not to consider this statement — that it was withdrawn from their consideration.

3. There was no error in this case in the charges upon the subject of involuntary manslaughter. The charges were correct statements of the law, and there was some evidence to authorize the charge.

4. The court did not err in overruling the motion for new trial in so far as it was based upon newly discovered evidence. It was not of such character as would probably change the verdict upon another trial.

No. 2950. MAY 13, 1922.

Indictment for murder. Before Judge Eve. Tift superior court.
October 22, 1921.

*R. E. Dinsmore,* for plaintiff in error.

*George M Napier, attorney-general, R. S. Foy, solicitor-general,*
and *Seward M. Smith, asst. atty.-gen.,* contra.

BECK, P. J. The plaintiff in error, Romeo Henry, was indicted
by the grand jury of the superior court of Tift county, at the July
term, 1921, and was charged with the offense of murder, it being
alleged that he killed one Henry Johnson by shooting him with a
pistol. The jury upon the trial of the case returned a verdict of
guilty. The accused made a motion for a new trial, which was
overruled, and he excepted:

1. The ruling made in the first headnote above has in substance
been often repeated. The motion for a continuance of the present
case falls within that rule. And besides, in several other respects
the motion as made failed to meet the requirements made in section
987 of the Penal Code, relating to continuances.

2.   A witness on the stand (a physician), being interrogated as to the dying declaration of the decedent, was asked, " Would you say he was conscious of his condition, from having seen and attended him there ? "   Defendant's counsel objected to this question, on the ground that it was leading.   The court, without ruling directly on the objection, addressed the witness and said:   " Just state whether or not he was conscious at the time that he made the statement;" to which the witness gave an affirmative answer.   But beyond this answer it does not appear, except inferentially, what statement, if any, was made by the physician as to the dying declaration made by the decedent.   We say inferentially, because it does appear that the court made the following ruling:   " The court being of the opinion that the foundation has not been properly laid, I will exclude from the consideration of the jury the alleged statements made by the deceased, Henry Johnson, ' He got me.'   You will not consider those statements, gentlemen, they are withdrawn from your consideration."   Granting that the witness made the answer to the effect that the dying man said, " He got me," it does not appear to whom this statement was made; and besides, it was expressly ruled out.   There is no merit in this ground.   And this court is not called upon to discuss the question as to whether or not the trial court too hastily interfered, as urged in the motion, in the examination of the witness and prevented counsel for the defendant from fully stating his objections to the question set forth above.   We merely rule that there is no error shown in the ruling of the court, and that is manifest.

3, 4.   The rulings made in headnotes three and four require no elaboration.        *Judgment affirmed.   All the Justices concur.*